IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Wade Stepheney, Jr., ) | |
| ) | Civil Action No. 8:06-2157-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| Alvin S. Glenn Detention Center, ) | |
| Medical Services and Staff; ) | |
| Columbus County Sheriff Dept., ) | |
| Medical Services and Staff; NFN ) | |
| Anderson, Sergeant at Alvin S. Glenn ) | |
| Detention Center; and NFN ) | |
| Pittman, Sergeant at Columbus County ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's motions to produce and for a preliminary injunction, the defendant Alvin S. Glenn Detention Center's motion to dismiss, the defendants Columbus County Sheriff Department and NFN Pittman's motion to dismiss for lack of jurisdiction, and the defendant NFN Anderson's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on July 31, 2006, alleging a claim for civil rights violations. On September 5, 2006, the defendant Alvin S. Glenn Detention Center ("AGDC") filed a motion to dismiss. By order filed September 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on September 11, 2006.

On September 11, 2006, the defendants Columbus County Sheriff Department ("CCSD") and NFN Pittman filed a motion to dismiss for lack of jurisdiction. By order filed September 12, 2006, pursuant to *Roseboro*, the plaintiff again was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff responded September 18, 2006. On October 5, 2006, the plaintiff filed a motion to produce medical records.

On November 20, 2006, the defendant NFN Anderson filed a motion for summary judgment. By order filed November 27, 2006, pursuant to *Roseboro*, the plaintiff again was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff responded November 28, 2006.

## **FACTS PRESENTED**

The plaintiff is a pretrial detainee currently being housed at the AGDC. Prior to his incarceration at the AGDC, the plaintiff was held in North Carolina by the CCSD. In his complaint, the plaintiff alleges he was seriously injured on May 2, 2005, by another inmate

2

while he was housed in the CCSD in North Carolina. (Compl. at 3.) He alleges he received head and neck injuries and suffered loss of sight, smell, and taste from the inmate attack. (*Id*.) He also alleges he is suffering from migraine headaches. (*Id*.)[1]

The plaintiff was transferred to the AGDC on May 25, 2005. The plaintiff alleges a claim for medical indifference to a serious condition for "improper and inadequate medical cares and treatments diagnosis(s)" (*id*.) while he was being transferred to the AGDC and afterwards while an inmate at the AGDC. He contends he was not given his prescription medications the day he was transferred from North Carolina to the AGDC. (Pl.'s Mem. Opp. Mot. To Dismiss at 2.) He alleges defendant Anderson inventoried his personal property at the AGDC intake and reported the plaintiff's medication was missing. (Id.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to

---

[1] In his response to the defendants CCSD and Pittman's motion to dismiss the plaintiff appears to also allege a state law claim for assault and battery based upon another inmate's attack while he was housed in CCSD. (Pl.'s Response to Mot. to Dismiss at 1.) The undersigned recommends, *supra*, that the court decline to exercise supplemental jurisdiction over any state law claims alleged by the plaintiff.

summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**DEFENDANTS CCSD AND PITTMAN'S MOTION TO DISMISS**

Defendants CCSD and Pittman have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that this Court lacks personal jurisdiction over it. The CCSD is located in North Carolina and Pittman was an employee of the CCSD[2] and is a North Carolina resident. The plaintiff was arrested by the CCSD in March 2005 for automobile theft. He alleges he was injured by another inmate on May 2, 2005. He was extradited to South Carolina on May 25, 2005.

To properly adjudicate a Rule 12(b)(2) personal jurisdiction challenge, the Fourth Circuit directs that "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir.2003) (citation omitted). Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises outside of the forum state. *See Calder v. Jones*, 465 U.S. 783, 786 (1984). General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue . . . is . . . one of general fairness to

---

[2]Pittman is no longer employed by the CCSD. (Def.'s Mem. Supp. M. to Dismiss n. 3; Singletary Aff. ¶ 7.)

the [defendant]." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

A court has specific jurisdiction over a cause of action, which arises directly out of or relates to the defendant's forum state activities. The South Carolina Supreme Court analyzes specific jurisdiction in a two step process, first examining the applicability of the South Carolina long arm statute and then examining whether jurisdiction violates the due process clause. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130 (S.C. 1992). However, because the South Carolina Supreme Court has held that the South Carolina long arm statute is deemed to reach the limits of due process, federal courts normally conduct a single inquiry under the due process clause. *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 657 n. 2 (4th Cir.1989).

The United States Supreme Court articulated a two-branch due process test for determining specific jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291(1980). The first, the traditional minimum contacts branch, focuses on the defendant's connection with the forum state and the relationship between that connection and the litigation. *Burger King Corp.,* 471 U.S. at 471-76. The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Beyond the requirement of minimum contacts, due process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. *Id*. at 476 (*quoting Int'l Shoe Co.*, 326 U.S. at 320).

As stated, the plaintiff has the burden of establishing jurisdiction over the defendants. He has made no effort to do so and his own complaint demonstrates that

there are insufficient contacts for this Court to exercise either general or specific jurisdiction over the defendants CCSD and Pittman. The plaintiff alleges claims which occurred in North Carolina while the plaintiff was housed there and claims against South Carolina defendants while he was housed in AGDC. However, the plaintiff has made no allegations or showing as to any contacts by the CCSD and Pittman with the state of South Carolina. In fact, the plaintiff makes no factual allegations at all pertaining to these North Carolina defendants. Accordingly, the court does not have personal jurisdiction over the defendants the CCSD and Pittman and accordingly their motion to dismiss should be granted.

## DEFENDANTS AGDC'S MOTION TO DISMISS

The defendant AGDC has filed a motion to dismiss on the ground that it is not a proper defendant in this action. To state a claim under § 1983, the plaintiff must allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961). *See also generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well-settled that only "persons" may act under color of state law, and therefore, a defendant in a section 1983 action must qualify as a "person." The AGDC is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(holding California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)(holding the

Piedmont Regional Jail is not a "person" and thus not amenable to suit under § 1983.); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)(holding claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit.). Hence, AGDC is not a "person" subject to suit under § 1983 and should be dismissed.

**DEFENDANT ANDERSON'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff has alleged a claim of medical indifference against defendant Anderson. Defendant Anderson has moved for summary judgment on the ground that the plaintiff has failed to state a claim of medical indifference against him.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[3] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. "Deliberate indifference is a very high standard-in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.

---

[3]Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(*citing Estelle*, 429 U.S. 97).

8

1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 97; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). Medical malpractice is not actionable under § 1983. *Estelle*, 429 U.S. at 29 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Id*.

The plaintiff has failed to allege any facts which would support a claim of medical indifference against the defendant Anderson. In fact, Anderson does not provide medical care for inmates at the AGDC. (Anderson Aff. 13.) Anderson merely booked the plaintiff into the AGDC and inventoried his belongings. (Anderson Aff. 5.) The plaintiff's sole allegation is that his prescription medications were not among his personal property which Anderson inventoried. However, prescription medications are taken to the AGDC health department for review and verification - a process which Anderson does not handle. (Anderson Aff. ¶¶ 10-11.)

Furthermore, the medical records show that the plaintiff has received continuous and substantial medical treatment at the AGDC, including the issuance of numerous prescription medications. (Def.'s Mot. For Summ. J. Ex. A.) Accordingly, the defendant Anderson's motion for summary judgment should be granted.

### STATE LAW CLAIMS

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law (*supra* note 1), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that Defendants Columbus County Sheriff's Department and Pittman's Motion to Dismiss (#14), Defendant Alvin S. Glenn's Motion to Dismiss (#10), and Defendant Anderson's Motion for Summary Judgment (#42) be GRANTED and Plaintiff's claims be DISMISSED with prejudice.

FURTHERMORE, if the District Court adopts this report, it is recommended that the Plaintiff's Motions to Produce Medical Records (#33) and for Preliminary Injunction (#7) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

December 12, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11